UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-80436-CIV-RYSKAMP/VITUNAC

THOMAS HAUGHT, on behalf of
himself and all others similarly situated,

      Plaintiff,

v.

U. S. ENGINEERING CONTRACTORS
CORPORATION, a Florida corporation,
and MARK S. MANNO, individually,

      Defendants.
_____/

SCOTT GOCHENOUER, on behalf of
himself and all others similarly situated,

      Plaintiff,

v.

U. S. ENGINEERING CONTRACTORS
CORPORATION, a Florida corporation,
and MARK S. MANNO, individually,

      Defendants.
_____/

## ORDER GRANTING PLAINTIFFS' MOTION IN LIMINE AND DENYING MOTION FOR PRE-TRIAL CONFERENCE

THIS CAUSE comes before the Court pursuant to Plaintiffs' Motion In Limine, filed November 19, 2008 **[DE 68]**. Defendants responded on December 2, 2008 **[DE 71]**. Plaintiffs did not reply. The motion is also before the Court pursuant to the the November 24, 2008 **[DE 70]** Joint Motion for Pre-Trial Conference. These motions are ripe for adjudication.

2

Plaintiffs bring this action pursuant to the Fair Labor Standards Act ("FSLA"), 29 U.S.C. § 201 et seq., seeking unpaid overtime compensation. Trial in this action is currently set to commence during the trial period beginning January 12, 2009.

Defendants maintain that no monies are due and owing to Plaintiffs because Defendants allegedly gave Plaintiffs loans, in both cash and checks, that were never repaid. Plaintiffs contend that this testimony is impermissible under the FLSA because it is futile, irrelevant, immaterial and highly prejudicial. Plaintiffs also anticipate that Defendants may attempt to introduce testimony or documentation regarding the fact that Plaintiffs were terminated by Defendants and/or the circumstances surrounding their termination, as well as Plaintiff Gochenouer's alleged substance abuse problem or drug use during working and nonworking hours.

"Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed.R.Evid. 403. Rule 403 is only a shield against unfair prejudice, which "is not to be equated with testimony simply adverse to the opposing party." Dollar v. Long Mfg., N.C., Inc., 561 F.2d 613, 618 (5th Cir. 1977).[1]  Rather, "'unfair prejudice'… means an undue tendency to suggest a decision on an improper basis,

---

[1] Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) made binding on the Eleventh Circuit all decisions of the Fifth Circuit decided prior to September 30, 1981.

3

commonly, though not necessarily, an emotional one." Fed.R.Evid. 403 advisory committee's note.

At issue is whether Defendants may assert a set-off defense at trial for loans made to Plaintiffs.  The parties agree that if the Court grants the motion in limine and excludes testimony or evidence concerning the alleged loans, that there is then no need for a trial as the parties have stipulated and agreed that Plaintiffs worked overtime, were only paid straight time for the overtime hours, and that the payroll records accurately reflect the number of overtime hours Plaintiffs worked.  Otherwise stated, if the Court excludes testimony or evidence concerning the alleged loans, there is no longer a dispute between the parties, as the case boils down to a simple mathematical equation.

Defendants failed to plead set-off as an affirmative defense as to either Plaintiff.  As such, Defendants have waived their right to assert set-off as a viable defense to Plaintiffs' claims.  See Houlihan Lokey Howard & Zukin Capital, Inc. v. The Protective Group, Inc., 506 F.Supp.2d 1230, 1243 (S.D. Fla. 2007) (holding that defendant waived affirmative defense by failing to plead same) (citing Troxler v. Owens-Illinois, Inc., 717 F.2d 530, 532 (11th Cir. 1983)).

Defendants maintain that they do not assert set-off as an affirmative defense, but rather assert set-off as part of their denial of Plaintiffs' claims.  Defendants maintain that any overtime compensation allegedly due Plaintiffs has been waived in exchange for re-payment of Defendants' loans.  That is, the loans to Plaintiffs represented "advance payment" of any alleged unpaid compensation.  Even if the Court were to accept this construction of the set-off argument, such an argument is not permitted under the FLSA.

4

Certain set-off defenses are allowable under the FLSA. <u>Brennan v. Heard</u>, 491 F.2d 1, 4 (5th Cir. 1974),[2] for instance, permits district courts to apply a set-off where the set-off would not reduce a plaintiff's wages to an amount below the statutory minimum. The set-off requested here is not permissible under the FLSA, however. This Court has previously ruled that "amounts loaned by an employer to an employee" "cannot be applied to offset unpaid wages [under the FLSA]." <u>Morrison v. Executive Aircraft Refinishing, Inc.</u>, 434 F.Supp.2d 1314, 1322 (S.D. Fla. 2005) (citing <u>Donovan v. Pointon</u>, 717 F.2d 1320, 1323 (10th Cir. 1983)). <u>See</u> also <u>Hutton v. Grumpie's Pizza & Subs, Inc.</u>, Case No. 07-81228-CIV-MIDDLEBROOKS, 2008 WL 1995091, *4 (S.D. Fla. May 7, 2008) (holding that a set-off defense for money employee allegedly stole from employer was inappropriate in FLSA).

Defendants attempt to distinguish <u>Morrison</u>, arguing that <u>Morrison</u> questioned the validity of the loan, whereas here, the validity of the loans is not in dispute. Indeed, <u>Morrison</u> noted that Defendant failed to allege facts that would support a set-off defense, but neither the terms of the loans nor the existence of the loans are dispositive of whether the set-off argument is allowable under the FLSA. 434 F.Supp.2d 1322. The Court has reviewed the deposition of Defendant Mark Manno ("Manno"), which demonstrates that the alleged cash loans were personal loans from Manno. The FLSA imposes joint and several liability upon employers, therefore, any set-off Manno obtained would not affect the liability of the corporate defendant. <u>See</u> <u>Dowell v. Kids R 4 UZ, Inc.</u>, No. 6:08-cv-651-Orl-22KRS, 2008 WL 4613049, *2, n.1 (M.D. Fla., Oct. 14, 2008) (declining to exercise supplemental jurisdiction over counterclaim in FLSA action where counterclaim consisted of private action for repayment of loan because

---

[2]<u>Bonner</u>, 661 F.2d at 1207.

5

pursuit of the counterclaim would be "futile," as any set-off would not affect the liability of the corporate Defendant). See also Donovan, 717 F.2d at 1323 (noting that purpose of FLSA action "is to bring [Defendant] into compliance with the [FLSA] by enforcing a public right" and that "permit[ing] [Defendant] in such a proceeding to try his private claims, real or imagined, against his employees would delay and even subvert the whole process."). Manno is free to sue Plaintiffs in state court to recover the sums he alleges are owed him. See id. (noting that FLSA Defendant had already brought a state court action to enforce private rights).

Whereas the defense, or denial, as Defendants characterize it, of set-off is unavailable to Defendants, the remainder of the motion in limine is moot. Nevertheless, whether Plaintiffs may have been fired, the nature of Plaintiffs' motivation in filing this action, and whether Plaintiff Gochenouer used drugs during working and non-working hours is irrelevant to whether Defendants violated the FLSA. It is hereby

ORDERED AND ADJUDGED that Plaintiffs' Motion In Limine, filed November 19, 2008 **[DE 68]**, is GRANTED. The parties have stipulated that trial will no longer be necessary in the event the Court disallows the evidence relating to the alleged set-off. Accordingly, this matter is hereby removed from the January 12, 2009 trial docket. It is further

ORDERED AND ADJUDGED that the November 24, 2008 **[DE 70]** Joint Motion for Pre-Trial Conference is DENIED.

DONE AND ORDERED at Chambers in West Palm Beach, Florida this 6th day of January, 2009.

                                                  S/Kenneth L. Ryskamp
                                                  KENNETH L. RYSKAMP
                                                  UNITED STATES DISTRICT JUDGE